## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:22-cv-00618-RJC-WCM

| | | |
|---|---|---|
| NANCY GEORGION;<br>SUSAN PURDY;<br>THAN SILVERLIGHT;<br>CHRISTINA SMITH; and<br>DONNA WILLIAMS<br>*on behalf of themselves and*<br>*all others similarly situated;*<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER** |

This matter is before the Court on a Motion to Intervene for Purposes of Filing Motion to Transfer or Stay the Case (the "Second Motion to Intervene," Doc. 35).

## I.     Relevant Procedural Background

On April 20, 2022, Natalie Tristan ("Tristan") filed a putative class action complaint in California state court against Bank of America, N.A. and Early Warning Services, LLC d/b/a Zellepay.com ("EWS"). The case was subsequently removed to the United States District Court for the Central District of California, following which a consolidated amended complaint was filed by Tristan, Avantika Ahuja ("Ahuja"), and Phillip Myers ("Myers").

<u>Tristan, et al. v. Bank of America, et al.</u>, No. SA CV 22-01183-DOC-ADS, Central District of California ("<u>Tristan</u>").

In <u>Tristan</u>, the plaintiffs asserted claims for violations of California's False Advertising Law ("CA FAL") and Unfair Competition Law ("CA UCL"), Nevada's Deceptive Trade Practices Act, the Electronic Fund Transfer Act ("EFTA"), breach of contract, unjust enrichment, and negligence, all stemming from Bank of America's use of Zelle.

On November 11, 2022, Plaintiffs Nancy Georgion ("Georgion"), Susan Purdy ("Purdy"), Than Silverlight ("Silverlight"), Christina Smith ("Smith"), and Donna Williams ("Williams"), on behalf of themselves and all others similarly situated, filed this action against Bank of America Corporation, asserting claims for, among other things: 1) violations of the CA FAL and the CA UCL, 2) violations of South Carolina, New York, and New Jersey consumer protection laws, 3) violations of the EFTA, and 4) breach of contract, also stemming from Bank of America's use of Zelle. <u>See</u> Doc. 1.

On January 9, 2023, Tristan, Ahuja, and Myers (the "Proposed Intervenors") filed a motion to intervene in the instant matter. Doc. 9. That motion was denied.

On September 22, 2023, Plaintiffs filed an Amended Complaint. Doc. 30. Apart from naming Bank of America, N.A. (the "Bank") rather than Bank of

America Corporation as the defendant, the Amended Complaint is generally similar to Plaintiffs' original complaint.

On October 6, 2023, the Bank filed a Second Motion to Dismiss. Doc. 31. Subsequently, Plaintiffs responded, and the Bank replied. Docs. 33, 34.

On December 28, 2023, Proposed Intervenors filed the Second Motion to Intervene. Doc. 35. Plaintiffs and the Bank responded in opposition. Docs. 36, 37. Proposed Intervenors have replied. Doc. 39.

On January 26, 2024, a hearing on the Second Motion to Dismiss was conducted, and that Motion was taken under advisement. A separate Memorandum and Recommendation has been issued relative to that Motion.

## II. Legal Standard

Proposed Intervenors move to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. That provision allows a court to permit "anyone to intervene who ... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); Scott v. Resolve Partners, LLC, 341 F.R.D. 17, 20 (M.D.N.C. 2021).

When seeking permissive intervention, the movant must show that: "(1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties." Scott, 341 F.R.D. at 20 (citing League of Women Voters of Va. v. Va. State Bd. of Elections, 458 F. Supp. 3d

460, 463-64 (W.D. Va. 2020) and <u>Carcaño v. McCrory</u>, 315 F.R.D. 176, 178 (M.D.N.C. 2016)).

"Typically, a decision to deny permissive intervention under Rule 24(b) 'lies within the sound discretion of the trial court.'" <u>Smith v. Pennington</u>, 352 F.3d 884, 892 (4th Cir. 2003) (quoting <u>Hill v. West. Elec. Co.</u>, 672 F.2d 381, 386 (4th Cir. 1982)).

## III.  Discussion

Proposed Intervenors seek to intervene for the limited purpose of moving for the case either to be stayed or transferred to the Central District of California "for coordinated proceedings with the first-filed, consolidated, and procedurally advanced <u>Tristan</u> action, which now has a 2024 trial date." Doc. 35 at 2.

However, intervention by Proposed Intervenors would likely be prejudicial to the parties in this matter. <u>See</u> <u>Echard v. Wells Fargo Bank N.A.</u>, No. 2:21-cv-5080, 2022 WL 1210321, at *4 (S.D. Ohio Apr. 25, 2022) ("Movants have been clear. They do not intend to participate in this action beyond intervening to stop it. They want the action to travel back to the Northern District of California or otherwise stay the case until they are done litigating in California. This limited purpose—to transfer or stay—would inherently cause undue delay and prejudice") (collecting cases); <u>Calderon v. Clearview AI, Inc.</u>, Nos. 20 civ. 1296 (CM), 20 civ. 2222 (CM), 20 civ. 3053 (CM), 20 civ. 3104

(CM), 20 civ. 3481 (CM), 20 civ. 3705 (CM), 2020 WL 2792979, at *8 (S.D.N.Y. May 29, 2020) ("Courts have previously recognized that intervention for the sole cause of dismissing, staying, or transferring an action – the very action sought here – is prejudicial to the original parties' right to proceed before the court of their choosing").

Further, although Proposed Intervenors rely on the "first-filed" rule to argue that transfer or stay of this matter is appropriate, that rule applies when "the same parties have filed similar litigation in separate federal fora" such that "doctrines of federal comity dictate that the matter should proceed in the court where the action was first filed, and that the later-filed action should be stayed, transferred, or enjoined." Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F.Supp.2d 357, 360 (W.D.N.C. 2003). When deciding whether to apply the first-filed rule, "courts consider three factors: (1) 'the chronology of the filings'; (2) 'the similarity of the parties involved'; and (3) 'the similarity of the issues at stake.'" Celgard, LLC v. Shenzhen Senior Technology Material Co. Ltd., No. 3:20-CV-00130-GCM, 2021 WL 1936235, at *2 (W.D.N.C. May 13, 2021).

Here, although the Bank is named in each matter[1] and both suits assert some of the same causes of action, each case also includes unique state law claims. Additionally, while the plaintiffs in each case seek to certify a nationwide class, since class certification has not occurred in either matter, the named plaintiffs in each case continue to assert their individual claims.

**IT IS THEREFORE ORDERED THAT** the Motion to Intervene for Purposes of Filing Motion to Transfer or Stay the Case (Doc. 35) is **DENIED**.

Signed: March 20, 2024

W. Carleton Metcalf
United States Magistrate Judge

---

[1] On December 14, 2023, Proposed Intervenors filed a Notice of Voluntary Dismissal in <u>Tristan</u> dismissing the claims against EWS without prejudice. <u>Tristan</u>, Doc. 87. Accordingly, both the instant matter and <u>Tristan</u> name only Bank of America, N.A. as the defendant.

6